Mr. Justice Cox
delivered the opinion of the Court.:
In the matter of the estate of John Hoover, deceased, it appears that a paper was propounded in the Orphan’s Court as the will of John Ploover. A caveat was filed and certain issues were thereby raised, and those issues were sent for trial to the Circuit Court. A trial was had and a verdict *542 was found unfavorable to the will and in favor of the caveators. A motion was made for a hew trial. A new trial was allowed by Justice Montgomery, and an appeal was taken from that order to this court. The motion is now made to dismiss that appeal, upon the ground that the order allowing a new trial is not an appealable order.
The argument in favor of the motion to dismiss is founded upon section 772 of the Revised Statutes of the District:
“Any party aggrieved by any order, judgment, or decree made or pronounced at any special term, may, if the same involve the merits of the action or proceeding, appeal therefrom to the General Term of the Supreme Court, and upon such appeal the General Term shall review such order, judgment or decree, and affirm, reverse, or modify the same, as shall be just.”
The argument is, that the right of appeal is limited to orders, judgments or decrees pronounced at special term which involve the merits of the action or proceeding. By implication, that excludes all right of appeal from other orders than those which involve the merits of the proceeding. The argument further is, that the order allowing a new trial does not involve the merits of the action or proceeding, but involves, if I may so express it, the merits of ■the particular verdict only,, because it does not conclude anything, but permits the plaintiff, upon a new trial, to prove his case anew.,
I think, upon an examination of the statute, it will be found that motions provided for in section 804, that is, motions for a new trial upon exceptions, or for insufficient evidence, or for excessive damages, stand upon different grounds from all other motions made at special terms, whether for new trial, or any other object.
The motion for a new trial in this case was made upon the grounds, that there was no evidence to sustain the verdict ; that the verdict was contrary to the evidence; that it was contrary to the weight of 'the evidence ; that the court *543 erred in its rulings, &c. There were exceptions taken to the rulings of the justice, and the appeal is founded upon both the exceptions and the allegation that the verdict was against the evidence, or in other words that the verdict was founded upon insufficient evidence, as those words are now interpreted, in the case of the Metropolitan Railroad vs. Moore, 121 U. S., 558. It will be necessary for us to examine anew; as we have done so often, these several sections. Section 803 provides:
“ If .upon the trial of a cause, an exception be taken, it may be reduced to writing at the time, or it may be entered on the minutes of the justice, and afterward settled in such manner as may be provided by the rules of the court, and then stated in writing in a case or bill of exceptions, with so much of the evidence as may be material to the questions to be raised, but such case or bill of exceptions need not be sealed or signed.” •
Section 804 provides:
“ The justice who tries the cause may, in his discretion, entertain a motion to be made on his minutes to set aside a verdict and grant a new trial upon exceptions, or for insufficient evidence, or for excessive damages; but such motion shall be made at the same term at which the trial was had.”
Section 805 provides:
“When such motion is made and heard upon the minutes an appeal to the General Term may be taken from the decision, in which case a bill of exceptions or case shall be settled in the usual manner.”
Section 806 provides:
“A motion for a new trial on a case or bill of exceptions and an application- for a judgment on special verdict, or a verdict taken subject to the opinion of the court, shall be heard in the first instance at a General Term.”
Now, it is evident that the word “ case ” in these different sections has precisely the same meaning. It was a long time *544 before our lawyers, who were educated in common-law practice, understood what a case' was. The only case we had ever heard of was the common-law case stated, which was an agreed statement of facts assented to by counsel for both parties. After a while we learned that the case referred to was a statement of all the evidence which was produced at the trial; not the result of the evidence, but the evidence itself; and it is- very remarkable that in the case of Doddridge vs. Gaines, 1 Mac Arthur’s Reports, Justice Olin, who was a New York lawyer, did not seem to understand, even then, asíate as 1874, what it was. He finds it substantially to be a case agreed upon by counsel. Now, the only object of a motion for a new trial upon a case which embodies all the evidence taken at the trial, is to raise the question of the insufficiency of the evidence to maintain the case, or the question of excess in the damages awarded by the jury.
In section 806, as we see, a motion for a new trial on a case or bill of exceptions, is to be heard in the first instance in General Term; that is to say, if, after the trial, a party chooses to have a case prepared, embodying all the evidence and certified by the judge below, and to move for a new trial on that case, it can only be on the ground of insufficient evidence or excess of damages, and that motion is to be heard in the first instance in General Term. Whether it be on a case thus made out, or on a bill of exceptions, it is to be heard in the first instance in General Term. When it is heard there, there can be no question of the authority of the General Term tor decide that motion, whether that decision would involve the merits of the case or not. Suppose, for example, a witness had been rejected on the ground of personal incompetency in the court below, and that an exception had been taken to that ruling, and a motion for a new trial was made upon the bill of exceptions. It might not ’appear in the record what his testimony would have been, and therefore the ruling would not clearly involve the merits of the action or proceeding. No one doubts that *545 upon that motion, made in the first instance on exceptions, the General Term would have the right to decide the motion and either grant a new trial or refuse it. It is argued here that the granting of a new trial does not involve the merits of the action, but it is obvious that the General Term, upon a motion for a new trial, heard there in the first instance, would have the right to grant a new trial or refuse it, in their discretion, whether made upon exceptions or upon a case. So that, so far, at least, the question of involving the merits has nothing to do with the jurisdiction of the General Term to decide upon a motion for a new trial.
Now, the law goes on further, and provides that instead of making up the bill of exceptions or the case, the party may apply to the justice in special term to entertain a motion for a new trial upon exceptions which are simply noted on his minutes and not reduced to form, and upon his minutes of the evidence. The law does not express the object of that provision, but it is to be presumed that it is to facilitate the determination of the question of a new trial without unnecessarily putting the party to the expense or subjecting him to the delay of formally preparing the exceptions and the case, and going up to the General Term. If the court refuses to entertain that motion, then he must complete his bill of exceptions or his case just precisely as if he had made a motion on the case or bill of exceptions to be heard in the first instance in the General Term. Nobody can doubt, when this is done and case is before General Term on this case or bill of exceptions, that the General Term would have the right to decide the motion whether it appears to involve the merits of the action or not. If the judge at the special term does entertain the motion, but refuses to grant a new trial, then the defendant may appeal. When he takes his appeal he must make out the same case or the same bill of exceptions as if he had made a motion for a new trial to be heard in the first instance in General Term. The same question comes up in precisely the same *546 form, with the same case or exceptions, though it is on an appeal to the General Term, instead of a motion heard there in the first instance. There does not seem to be any reason in the world why the General Term could not entertain the motion in that form precisely as it could entertain it in the first instance, notwithstanding it may not involve the merits of the action or proceeding. The law itself makes no discrimination : “ When such a motion is made and heard upon the minutes an appeal to the General Term may be taken from the decision,” not a decision in favor of one party or the other ; in favor of the motion for a new trial or against it, but the decision, whatever it may be. And as there would seem to be no reason why the General Term should not entertain the motion equally where it comes up upon appeal and where it comes up to be heard there in first instance, there is no reason for interpolating into this provision any exception or qualifications. It seems to be the object of the law that motions for a new trial upon a case, or upon bills of exceptions, shall reach the General Term in some form or other, either to be heard there in the first instance or in the second instance, that is, by way of appeal; and therefore the question of merits, the question whether the order upon that motion would involve the merits, has nothing to do with the jurisdiction of the General Term. In the absence of any such section as this the inference drawn from section 772 would be legitimate; that is to say, since that section allows an appeal from any order, judgment, or decree which involves the merits, it would be a fair inference from that, that it does, not allow an appeal in any other case. It does not, however, in terms, prohibit an appeal in other cases. If it did, there might be a conflict between that section and this one, interpreted as ■we interpret it, but where there is a mere implication or inference drawn from the qualification of the right of appeal in section 772, there is no conflict between that and another section which gives affirmatively' a right of appeal in a cer *547 tain limited class of cases not within the qualification. So the law reads, substantially, that an appeal may be taken from any order, judgment or decree which involves the merits of the action, and may also be taken from the decision of a justice at the special term upon any motion for a new' trial on exceptions, or for insufficient evidence or excessive damages, whether that involve the merits of the action or not.
Reliance, however, is placed upon the case of Doddridge vs. Gaines, in 1 MacArthur’s Reports. In that case, a verdict was rendered for the defendant and a motion for a new trial w'as made by the plaintiff. The motion was made upon several grounds, viz: First, that the court erred in its charge to the jury upon the subject of the Statute of Frauds; Secondly, that the court erred in its charge to the jury on the subject of the Statute of Limitations; Third, that the verdict of the jury was contrary to the law as given by the court; and Fourth, that the verdict of the jury was against or contrary to the evidence. The last one is the only one we are concerned with. But this motion was made at special term and the court below certified it to the court in General Term to be heard there in the first instance. In the court in General Term, Judge Olin said: “The motion made for a new trial upon all the grounds mentioned in the paper before us, might, in the discretion of the justice presiding, be ordered to be heard in the first instance at the General Term. That order was made in this case, and the legal effect of that order was simply a refusal of the justice to entertain the motion upon his own minutes of the trial.” The express terms of the statute are that wdiere the justice below refuses to entertain a motion for a. new trial upon his minutes, then a regular case must be made out. The court said in the beginning of the opinion, “it appears from the printed paper laid before us, which is certainly neither a case nor a bill of exceptions, that an action founded upon contract was brought,” etc. So the case came up there not *548 on appeal from the justice’s ruling below, but upon the certificate to be heard in General Term, in the first instance, which they interpreted to mean a refusal of the justice below to entertain a motion for a new trial. And it came up without any case or bill of exceptions; so that there was nothing before the court upon which they could legitimately have acted at all. It is true that Judge Olin goes into a long lecture upon the practice which had prevailed under the statute, but almost the whole of it is simply obiter, and in one respect clearly erroneous,”if the views we have expressed this morning are correct. He says there- that even where the justice below refuses to entertain a motion, and it comes up to be heard in the first instance in the General Term, that it can only be entertained when it involves the merits of the question. The statute is certainly silent upon , any such qualification as that. It gives the right to move for a new trial on a case or on a bill of exceptions and it is ■to be heard in the first instance in General Term in all cases, if the judge below refuses to entertain the motion. We do not think, therefore, that that case is in the way of the determination of this as res integra; all that was said there was obiter dictum, and it is apparent that in respect of this particular matter, the judge was in error.
Another question is whether an order granting a new trial really does not involve the merits of the action. It is assumed that it does not, because it does not decide'the action finally. Of course, when a verdict is obtained, the plaintiff is prima facie entitled to a judgment which would be conclusive of the controversy. If a motion for a new trial, on the part of the defendant, is overruled, that order necessarily concludes the whole controversy, and does involve the merits of the action. It is claimed that the order allowing a new trial does not involve the merits of the action, because it is not a final determination of the case; but when we remember that, in the absence of such an order, the plaintiff is entitled to a judgment, we see that *549 this order for a new trial is depriving him of what would be a conclusive determination of the action and what he is prima facie entitled to, and where it is rendered on the ground of insufficient evidence, it is a decision that there are no merits in his case upon his own showing. It is a rejection of the plaintiff’s claim on the ground that up to that point, on the whole of his evidence, he has no merits. It is, at least, a question whether this is not an order involving the merits but it is not necessary to decide that, in order to dispose of the present appeal.
We hold that the motion to dismiss the appeal must be overruled.
After the rendering of the foregoing decision overruling the motion to dismiss the appeal, the case came on for hearing on the merits, and was argued and submitted; whereupon, on March 31, 1890—
Mr. Justice Cox delivered the opinion of the Court:
In the matter of the will of John Hoover, certain issues were sent by the Orphan’s Court to the Circuit Court for trial, two of which related to the question of undue influence, and two to the question of fraud. The jury found in the affirmative as to the first two issues and in the negative as to the third and fourth issues'. A motion was made for a new trial before the trial justice and the new trial was granted. An appeal was taken from that order to this court, and a motion was then made to dismiss the appeal on the ground that the order was not an appealable one. We held the contrary of that and therefore the appeal came before us upon its merits.
The certificate of the justice to the statement of the evidence is, “ that the foregoing is an accurate and full statement of all the evidence submitted to the jury at the trial of this case on behalf of the respective parties, and it is further certified that in granting a new trial in this case *550 the court did so solely upon the ground that the verdict was against the weight of the evidence, and did not consider or pass upon any other of the grounds upon which a motion for a new trial was based.”
The power of the court to grant a new trial on the ground that the verdict is against the evidence or against the weight of the evidence, is one which has been exercised by the courts of Maryland from time out of mind, and it has also been exercised by the courts of this District .ever since its separate organization, and it is too late now to bring it in question.
Upon common-law principles, the action of the trial justice upon such a motion is not reviewable on appeal, but the Supreme Court has decided, as we know, in the case of Moore vs. The Metropolitan RR. Co., 121 U. S., 528, that even amotion of that sort, although addressed to the discretion of the trial justice, can be reconsidered in the court above, that is, by way of appeal from the order passed upon the motion at the trial term. Of course, it is obvious that the appellate court acts at great disadvantage in undertaking to review' the action of the trial justice upon a motion of that sort. That was fully appreciated by the Supreme Court in the case of Moore vs. The Metropolitan Railroad Company. The court there say:
“The appeal from the special to the General Term' is not an appeal from one court to another, but is simply a step in the progress of the cause during its pendency' in the same court. The Supreme Court sitting at special term, and the Supreme Court sitting in General Term, though the judges may differ, is the same tribunal. It is quite true, nevertheless, that the judge sitting at special term, on the trial of a cause by jury, is, from the nature of the case, better qualified (because he sees the witnesses and hears them testify), to judge whether the verdict is warranted by the evidence, than other judges, even of the same court, who are. called in to decide the same question upon a report of the testimony in writing; and where the' question comes up in General Term, on an appeal, all proper allowance will be made, in *551 its consideration, for that difference, and its due weight given to the order of the judge at special term denying the motion.”
It does not seem to us that upon a hearing of this kind, we are to consider the case de novo, as if the evidence were addressed to us originally. It is very obvious that a large part of the evidence, and a material part of it, consists, in the demeanor, attitude, and bearing of the witnesses, and in undertaking to review the evidence, the court is hearing the case with only part of the evidence, and does so at great disadvantage. It is our impression that every intendment must be in 'favor of the action of the trial justice, and we must be satisfied upon the evidence as disclosed to us, that there is error in his action before we can undertake to reverse it.
In regard to will cases generally, all the presumptions of law are in favor of a will unless the incompetency of the testator is very satisfactorily shown. In the rare cases in which verdicts are adverse to wills, there is almost always some element which appeals to prejudice of one kind or another.
The jury themselves may not be aware of it, but it may be apparent to the trial justice whose duty is to keep aloof from the prejudices and passions that actuate parties and may find their way into the jury box, and it seems to me, speaking for myself, that where there is even doubt of fairness of trial in such case, and still more if there is a well founded conviction on the part of the trial justice that there is anything unfair, the policy of the law requires that the issue should be tried a second time. In other words, a will ought not to be overthrown by one trial, unless a case be made out very clearly, especially where there is aiiy ground at all to believe that prejudice may have contributed to the result.
With regard to this particular case, I do not know that it would serve any useful purpose to go into any detailed analysis of the evidence. It is very voluminous and any discussion of that would occupy a great deal of time and *552 perhaps unnecessarily. We may characterize the evidence in a general way. One issue here, the first one, was: “ Was the said paper-writing executed by said John Hoover under the undue influence of suggestions, importunities, and persuasions of the said Rudolph Eichhorn or any other person or ■ persons, when his mind, from its disordered, diseased, and enfeebled state, was unable to resist the same.”
The jury found in the affirmative on that; in other words, they found that the writing was executed under the undue influence of suggestions, importunities and persuasion of either Eichhorn or somebody else, and that his mind from its disordered, diseased, and enfeebled state was unable to resist the same.
There is no direct testimony in the case that anybody ever used any persuasion or importunities or suggestions to procure the execution of the will; nor is there any direct testimony-that his mind was enfeebled or disordered; I might say, no testimony that would convince any reasonable person. The case of the caveators is based upon inferences and presumptions which, it is claimed, result from and are fairly derivable from, the relation of intimacy and confidence between the intestate and certain persons W’hose institutions were benefitted by the will; and, on the other hand, all the parties to whom this undue influence is attributed, have been put on the stand and directly deny the use of any persuasions or inducements, and that was -followed by evidence tending to show, in the first place, that the will was in harmony with the declarations of intention on the part of the testator made through a series of years, and also that he was a man of so decided a will that he was not amenable to overweening influence from any quarter. It has been said in argument, that there was one set of witnesses testifying in one direction and another set in another direction; that the court believed one set of witnesses and the jury the other, and under those circumstances the verdict ought not to have been set aside. We *553 do not see that this follows from the action of the court. The fact is, there is no such line of demarcation between the witnesses and no such classification could have been made by the justice in his own mind. Excepting on im-' material or important matters, there is no great conflict between the witnesses as to the main facts testified to. The conflict is between the inferences which the caveators’ counsel seek to draw from certain facts which the court below may have believed in the main, on one side, and the direct testimony on the other. The judge may have believed mainly the facts testified to on the part of the caveators, but may have thought that the jury drew irrational inferences or conclusions from those facts, or that they gave undue prominence to some facts and not sufficient to other facts, and he might have supposed the jury were more or less influenced by prejudice, and it is very obvious that he was in a better attitude to come to a conclusion on that point than we are. We know nothing of the composition of the jury in the case; the trial justice did. We can very well understand that prejudice might have entered into this case, and the trial justice had the best opportunity of‘judging about that.
Now, I may further remark, that if the testimony for the caveatee is true, then it does dispose of these inferences and presumptions. They actually deny everything which it is sought to infer from the testimony on the part of the caveators. It is true, the jurors are the judges, in the first instance, of the credibility of the witnesses, but the trial justice i.s not to sit simply as a moderator and exercise no judgment of his own. If he sees that the great mass of testimony is on one side and is satisfied that fair weight is not given to it by the jury, either consciously or otherwise, from prejudice, it is his duty to act upon that conviction, and the trial justice can do that much more effectively than we can. Now, all we can undertake to say here is that we will not express *554 an opinion as to the whole weight of this evidence, but we do not discover, on the face of this evidence, any error in the action of the court below in setting aside the verdict and granting a new trial. There is nothing final about this. The trial justice did not undertake to decide what is within the province of the jury. He simply gives the parties a new chance, and, as I said before, I think, in a case of this kind, where the validity of a man’s last will and testament is concerned, where there is any doubt, it should be resolved in favor of a new examination, and we are, there.fore, satisfied to affirm the action of the trial justice.
Mr. Justice James
said:
I understand that in this decision we imply no opinion as to the effect of the evidence. That question is not before us. Where the appeal is taken from the action of the judge in allowing a new trial, because the verdict appeared to him to be against the weight of the evidence, the question is, whether he committed an error. It is true, this requires us to consider the evidence itself, in determining whether he committed an error in deciding'about it; but in determining that question we must necessarily take into account considerations which would not be included if the motion for a new trial were heard here in the first instance on a case stated. In that case our own opinion as to the weight of the evidence would be the matter to settle; but where the appeal is from his opinion about that matter, we have to remember that he saw the witnesses, and observed- the jury, and that, generally, by reason of his relation to the trial, he had materials for forming a conclusion which do not come here with the record. It must appear to us that, after allowing for all of these considerations, he has manifestly committed an error, before we reverse his action.
Another observation occurs to me. In courts of the United States, the judge has a good deal more to do with the trial by the jury than is permitted in some of the State courts. *555 Fortunately, it is still supposed that the court is competent to aid and guide the jury, and is something more than a conduit for instructions prepared by counsel. It may even express its own opinion of the evidence, provided it tells the jury that they are still free to form theirs.
We conceive that all of these considerations are pertinent in determining whether the judge committed an error in this case.